UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSPEH ROBERT MARCHESE AND JDS
DIGITAL SECURITY SYSTEMS, LLC,            Case No. 12-12276

    Plaintiffs,                               Honorable Nancy G. Edmunds

v.

MILESTONE SYSTEMS, INC. AND
MILESTONE SYSTEMS A/S,

    Defendants.
    _____/

**ORDER ACCEPTING AND ADOPTING SPECIAL MASTER'S REPORT AND
RECOMMENDATIONS REGARDING CLAIM CONSTRUCTION [84]**

This matter comes before the Court on the Special Master's Report and Recommendations regarding claim construction [84]. When originally filed, this patent dispute involved two patents, U.S. Patent No. 6,891,566 (the '566 patent) and U.S. Patent No. 8,185,964 (the '964 patent) relating to digital video systems, including a computer connected via a network of video servers and cameras. The parties have agreed to the construction of the claims of the '964 patent. The Special Master therefore considered the parties' remaining disputes involving construction of the preamble to several claims of the '566 patent, as well as the terms "digital storage device," "a first marker identifying the start of the image," "a second marker identifying the end of the image," "index the file using the first and second marker," and "periodic." (R&R at 2-3, 14.)

The Special Master makes the following Recommendations:

1. "the preamble qualify as a limitation upon the scope of claims 1, 29, 31, 32, 45, and 47 of the '566 patent." (R&R at 9, ¶ 22.)

2. "the term 'digital storage device,' appearing in claims 1, 29, 31, 32, 45, and 47 of the '566 patent, should be defined as 'any of a variety of different digital storage devices, including magnetic media such [as] a hard disk or removable disk, optical storage media such as CDROM or DVD, or magneto-optical media.'" (R&R at 10, ¶ 27; at 14, chart.)

3. in claim 47 of the '566 patent, "that the term 'first marker' be construed as 'the data identifying the start of an image' and that the term 'second marker' be construed as 'the data identifying the end of an image.'" (R&R at 11, ¶ 32; at 14, chart.)

4. in claim 47 of the '566 patent, "that the term 'index the file using the first and second marker' be construed as 'create a list using the first and second markers that point to locations in the single file.'" (R&R at 12, ¶ 36; at 14, chart.)

5. "that the phrase 'periodic' within claim 47 be construed as 'occurring repeatedly at regular intervals or from time to time.'" (R&R at 13, ¶ 40; at 14, chart.)

Neither party objects to the Special Master's Recommendation (1) above. (Defs.' Obj. at 2; Pls.' Resp. at 3.) Defendants do, however, object to the Special Master's Recommendations in (2) through (5). (Defs.' Obj. and Defs.' Reply.) Plaintiffs urge the Court to adopt the Special Master's Report and Recommendations in their entirety. (Pls.' Resp. at 2.) The Special Master's Report and Recommendations have been reviewed *de novo*. *See* Fed. R. Civ. P. 53(f)(3), (f)(4). Being fully advised in the premises and having reviewed the record and the pleadings, including the Special Master's Report and Recommendations and Defendants' objections thereto, the Court hereby ACCEPTS AND ADOPTS the Special Master's Report and Recommendations.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 22, 2013, by electronic and/or ordinary mail.

        s/Johnetta M. Curry-Williams
        Case Manager
        Acting in the Absence of Carol A. Hemeyer